[7 NYS3d 852]

PATRICK LOMBARDO, Plaintiff, v DORMITORY AUTHORITY OF THE
STATE OF NEW YORK et al., Defendants.

Supreme Court, Kings County, February 11, 2015

**APPEARANCES OF COUNSEL**

*Lewis, Brisbois, Bisgaard & Smith LLP*, New York City (*Alan
J. Kaminsky* of counsel), for defendants.

*Harvey Weitz*, New York City, for plaintiff.

## OPINION OF THE COURT

Francois A. Rivera, J.

On February 10, 2015, the defendants delivered to the clerk of Part 52 of the Kings County Supreme Court two judicial subpoenas duces tecum seeking that the court sign and turn them into so ordered subpoenas (hereinafter the subject subpoenas).

Background

On October 11, 2007, plaintiff commenced the instant action for damages for personal injuries that he sustained on June 1, 2007 while working at a construction project at Medgar Evers College at 1650 Bedford Avenue, Brooklyn, New York.

The action has proceeded to a jury verdict on the issue of the defendants' liability. The court granted a motion for a judgment notwithstanding the verdict in favor of the plaintiff and against the defendants. The action is awaiting trial on the issue of plaintiff's damages.

Law and Application

The subject subpoenas were delivered to the court and were not part of a motion filed through the motion support part of the Kings County Supreme Court. The papers were delivered without an affidavit of service to either Jacobi Medical Center or to the plaintiff. Each one of the subject subpoenas annexed a copy of a HIPPA authorization signed by the plaintiff. One subpoena was directed to the medical records department of Jacobi Medical Center and the other to its radiology department.

CPLR 2307 provides in pertinent part as follows:

> "A subpoena duces tecum to be served upon a library, or a department or bureau of a municipal corporation or of the state, or an officer thereof, requiring the production of any books, papers or other things, shall be issued by a justice of the supreme court in the district in which the book, paper or other thing is located or by a judge of the court in which an action for which it is required is triable. Unless the court orders otherwise, a motion for such subpoena shall be made on at least one day's notice to the library, department, bureau or officer having custody of the book, document or other thing and the adverse party. Such subpoena must be served upon such library, or such department or bureau of such municipal corporation or of

the state or an officer having custody of the book, document or other thing and the adverse party at least twenty-four hours before the time fixed for the production of such records unless in the case of an emergency the court shall by order dispense with such notice otherwise required."

Jacobi Medical Center is a specialized care facility and teaching hospital opened in 1995 by the NYC Department of Hospitals.* The radiology and medical records departments are part of Jacobi Medical Center, a governmental entity. The defendants were seeking records from those departments in the absence of a prior court order. As such, the defendants were required to apply by motion on notice to the departments whose records were sought and on notice to the plaintiff in accordance with CPLR 2307. For an understanding of the motion requirements for the relief sought herein see Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2307:2.

Accordingly, the defendants' attempt to have the court so order the subject subpoenas is denied without prejudice. Any application for the same relief should be done by motion on notice pursuant to CPLR 2307 and should annex a copy of the instant order.

---

* Jacobi Medical Center, http://www.nyc.gov/html/hhc/jacobi/html/home/home.shtml.